IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. BLUE CONSULTING ENGINEEERS, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | FILED |
| | : | FEB 17 2015 |
| DAVID CALLAN, DUMACK ENGINEERING, P.C., AND GIGLIOTTI GROUP, INC. | : | MICHAEL E. KUNZ, Clerk By_____Dep. Clerk |
| | : | NO. 14-5152 |

<u>MEMORANDUM</u>

**Padova, J.**                                                          **February 17, 2015**

      Plaintiff Robert E. Blue Consulting Engineers, P.C. ("Blue") has sued Defendants for copyright infringement, alleging that Defendants copied the calculations contained in a NPDES Permit for Stormwater Discharges ("NPDES Calculations") that Blue prepared in connection with civil engineering design services it provided to Defendant David Callan. Defendant Gigliotti Group, Inc. ("Gigliotti") has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claim asserted against it in Count I of the Complaint. For the following reasons, the Motion is granted.

**I.    BACKGROUND**

      The Complaint alleges the following facts. Blue is an engineering firm that performs land surveying, site planning, and civil engineering work. (Compl. ¶ 8.) Callan entered into a contract with Blue for civil engineering design services for the development of real property he owns in Doylestown Township, Pennsylvania for use as a personal residence (the "Callan Tract"). (<u>Id.</u> ¶¶ 9-10.) Pursuant to the contract, Blue designed and prepared engineering calculations including the NPDES Calculations. (<u>Id.</u> ¶¶ 11-12.) Blue owns the federal copyright in the NPDES Calculations, which contain a large amount of material that is both wholly original

to Blue and copyrightable under federal law. (Id. ¶¶ 13-14, Ex. B.) Blue performed professional services valued at $45,612.11 during the course of its relationship with Callan. (Id. ¶ 18.) Despite Blue's repeated demands, Callan has failed to pay Blue for its services as required by the terms of their contract. (Id. ¶ 19.)

Callan retained Dumack Engineering, P.C. ("Dumack") to complete the civil engineering services for the development of the Callan Tract. (Id. ¶ 20.) Callan also retained Gigliotti to perform construction work to develop the Callan Tract. (Id. ¶ 21.) On June 20, 2014, counsel for Blue informed Callan, Dumack, and Gigliotti by letter that the NPDES Calculations are Blue's intellectual property, and that Defendants did not have the authority to use the NPDES Calculations. (Id. ¶ 23, Ex. C.)

Blue subsequently learned that either Callan or Dumack had submitted site subdivision plans for the Callan Tract to Doylestown Township for review and approval. (Id. ¶ 25.) Blue also reviewed an application signed by Callan for a NPDES Permit for the subdivision. (Id. ¶ 26.) Blue concluded, after reviewing the application, that the calculations contained therein are identical to Blue's NPDES Calculations and that Callan and/or Dumack therefore infringed Blue's copyrighted work. (Id.)

Count I of the Complaint asserts a claim against Callan, Dumack and Gigliotti for copyright infringement. In support of the copyright infringement claim, the Complaint alleges that Callan improperly distributed Blue's copyrighted NPDES Calculations to Dumack even though Blue had specifically informed Callan, Dumack and Gigliotti that those calculations were Blue's intellectual property and that they did not have Blue's permission, consent or authority to use that intellectual property. (Id. ¶¶ 29-30.) The Complaint further alleges that Callan and

Dumack copied Blue's NPDES Calculations and produced calculations that were identical to Blue's copyrighted calculations, thus infringing Blue's copyright. (Id. ¶¶ 31-32.)

## II.   LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "'construe the complaint in the light most favorable to the plaintiff.'" DelRio–Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as we are "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, — U.S. —, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing

Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

Gigliotti has moved to dismiss the claim raised against it in Count I because the Complaint fails to state a facially plausible claim against it for copyright infringement. "'To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work.'" Star Pacific Corp. v. Star Atlantic Corp., 574 F. App'x 225, 230 (3d Cir. 2014) (quoting Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002)); see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) (citation omitted). The Complaint alleges that Blue owned a valid copyright in the NPDES Calculations. (Compl. ¶ 13.) "[C]opying may be proved inferentially by showing that the defendant had access to the allegedly infringed copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work." Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1231-32 (3d Cir. 1986) (citations omitted). Gigliotti argues that the Complaint does not allege any facts that could establish that it copied original elements of Blue's NPDES Calculations.

"A defendant may be found liable for copyright infringement on a direct or contributory theory of liability." Star Pacific Corp., 574 F. App'x at 230. In order to allege direct copyright infringement, a complaint must allege facts that would establish that the defendant itself engaged in "volitional conduct -- 'specifically, the act constituting infringement.'" Id. (quoting CoStar

Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 551 (4th Cir. 2004)). "The doctrine of contributory infringement permits 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing activity of another, [to] be held liable as a contributory infringer.'" Id. (alteration in original) (quoting Columbia Pictures Indus., Inc. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984)).

Blue argues that the Motion to Dismiss should be denied because Gigliotti directly violated Blue's copyright in the NPDES Calculations. In support of this argument, Blue asserts that Gigliotti used Blue's NPDES Calculations in performing construction work for Callan and that this construction work resulted in Dumack filing a Renewed NPDES Permit. Specifically, Blue states in its Response to the Motion to Dismiss, that "Gigliotti, in performing general construction work for the Project, utilized Blue's NPDES Calculations, which in turn resulted in the Permit Renewal." (Blue's Response at 6.) Blue has attached a copy of the document that it refers to as "Dumack's Renewal Permit" as Exhibit C to its Response. Exhibit C is actually entitled "Permit Application Notice of Intent for Coverage Under the General (PAG-02) NPDES Permit or Application for an Individual NPDES Permit for Stormwater Discharges Associated with Construction Activities." (See Response Ex. C.) We may consider Exhibit C in connection with this Motion to Dismiss because paragraph 26 of the Complaint, which mentions a "NPDES Permit for the subdivision signed by Defendant Callan," appears to be based on this document. See Mayer, 605 F.3d at 230. However, Callan, not Dumack, is the only applicant named in Exhibit C, and neither Gigliotti nor Defendant Dumack Engineering, P.C. is mentioned in Exhibit C. (See Response Ex. C at 1, 11.) An individual named Heath Dumack is named in Exhibit C, but only as a person who may be contacted for additional information, and not as an

applicant. (Id. at 11.) Thus, Exhibit C itself in no way implicates Gigliotti in any direct copyright infringement.

Moreover, notwithstanding of Blue's representations in its Response to the Motion to Dismiss, the Complaint does not allege that Gigliotti had access to, or used, Blue's NPDES Calculations in performing its construction work for Callan or that Gigliotti played any role in preparing Exhibit C. Rather, the Complaint alleges only the following: (1) Callan improperly distributed Blue's copyrighted NPDES Calculations to Dumack (Compl. ¶ 29); (2) Callan and/or Dumack submitted site subdivision plans to the township for review and approval (id. ¶ 25); (3) Blue reviewed Callan's application for an NPDES Permit for the subdivision and concluded that the calculations used in that application were identical to Blue's calculations and that Callan and/or Dumack had wrongfully infringed Blue's work (id. ¶ 26); and (4) "Callan and Dumack copied the NPDES Calculations and ultimately produced calculations that were identical to the copyright protected calculations" (id. ¶ 31). Thus, the Complaint, even when considered together with the Application, does not allege any facts that would support a claim that Gigliotti itself infringed Blue's copyright. We conclude, accordingly, that the Complaint fails to allege sufficient facts to state a facially plausible claim against Gigliotti for copyright infringement as a direct infringer.

Blue also argues that the Motion to Dismiss should be denied because Gigliotti is a contributory infringer of Blue's copyright. In support of this argument, Blue contends that Gigliotti had knowledge of Callan's and Dumack's infringing activity and used Exhibit C, which violated Blue's copyright, in performing its work for Callan. The Complaint, however, does not allege that Gigliotti had knowledge of Callan's and Dumack's allegedly infringing activity, or that Gigliotti used Exhibit C in performing its work for Callan. Blue relies on certain emails

between itself and Gigliotti that it has attached as Exhibit D to its Response to establish that Gigliotti had knowledge of Callan's and Dumack's infringing activity. (See Response Ex. D.) However, none of the emails in Exhibit D are mentioned in, or attached to, the Complaint. Consequently, we cannot consider those emails in connection with the instant Motion to Dismiss. See Mayer, 605 F.3d at 230. Since the Complaint does not allege that Gigliotti was aware of any infringing activity on the part of Callan or Dumack, or that he induced, caused, or materially contributed to their allegedly infringing activity, we conclude that the Complaint does not allege any facts that would set forth a facially plausible claim for copyright infringement against Gigliotti as a contributory infringer.

## IV.   CONCLUSION

For the reasons stated above, we conclude that the Complaint does not allege sufficient facts to assert a facially plausible claim for copyright infringement against Gigliotti under either a direct or contributory theory of liability. The Motion to Dismiss is, therefore, granted and Gigliotti is dismissed as a Defendant in this action. An appropriate order follows.

BY THE COURT:

_____
John R. Padova, J.