IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. BLUE CONSULTING ENGINEEERS, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID CALLAN, DUMACK ENGINEERING, P.C. | : | NO. 14-5152 |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                                                                  **March 10, 2015**

      Plaintiff Robert E. Blue Consulting Engineers, P.C. ("Blue") has sued Defendants for copyright infringement, alleging that Defendants copied the calculations contained in a NPDES Permit for Stormwater Discharges ("NPDES Calculations") that Blue prepared in connection with civil engineering design services it provided to Defendant David Callan. Defendant Dumack Engineering, P.C. ("Dumack") has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claim asserted against it in Count I of the Complaint. For the following reasons, the Motion is denied.

**I.     BACKGROUND**

      The Complaint alleges the following facts. Blue is an engineering firm that "performs land surveying, site planning, and civil engineering work." (Compl. ¶ 8.) Callan entered into a contract with Blue for civil engineering design services for the development of real property he owns in Doylestown Township, Pennsylvania (the "Callan Tract") for use as a personal residence. (<u>Id.</u> ¶¶ 9-10.) Pursuant to the contract, Blue designed and prepared engineering calculations including the NPDES Calculations. (<u>Id.</u> ¶¶ 11-12.) Blue owns the federal copyright in the NPDES Calculations, which contain a large amount of material that is both wholly original to Blue and copyrightable under federal law. (<u>Id.</u> ¶¶ 13-14, Ex. B.) Blue performed professional

services valued at $45,612.11 during the course of its relationship with Callan.  (Id. ¶ 18.) Despite Blue's repeated demands, Callan has failed to pay Blue for its services as required by the terms of their contract.  (Id. ¶ 19.)

Callan retained Dumack to complete the civil engineering services for the development of the Callan Tract.  (Id. ¶ 20.)  Callan also retained Gigliotti Group, Inc. ("Gigliotti") to perform construction work to develop the Callan Tract.  (Id. ¶ 21.)  On June 20, 2014, counsel for Blue informed Callan, Dumack, and Gigliotti by letter that the NPDES Calculations are Blue's intellectual property, and that they did not have the authority to use the NPDES Calculations.  (Id. ¶ 23, Ex. C.)

Blue subsequently learned that either Callan or Dumack had submitted site subdivision plans for the Callan Tract to Doylestown Township for review and approval.  (Id. ¶ 25.)  Blue also reviewed an application signed by Callan for a NPDES Permit for the subdivision.  (Id. ¶ 26.)  Blue concluded, after reviewing the application, that the calculations contained therein are identical to Blue's NPDES Calculations and that Callan and/or Dumack therefore infringed Blue's copyrighted work.  (Id.)

Count I of the Complaint asserts a claim against Callan and Dumack for copyright infringement.[1]  In support of this claim, the Complaint alleges that Callan improperly distributed Blue's copyrighted NPDES Calculations to Dumack even though Blue had specifically informed both Callan and Dumack that those calculations were Blue's intellectual property and that they did not have Blue's permission, consent, or authority to use that intellectual property.  (Id. ¶¶ 29-30.)  The Complaint further alleges that Callan and Dumack copied Blue's NPDES Calculations

---

[1] Count I also asserted a claim against Gigliotti for copyright infringement.  Gigliotti moved to dismiss that claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  We granted Gigliotti's Motion to Dismiss on February 17, 2015, and dismissed Gigliotti as a Defendant in this action.

and produced calculations that were identical to Blue's copyrighted calculations, thus infringing Blue's copyright. (Id. ¶¶ 31-32.)

## II.  LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "'construe the complaint in the light most favorable to the plaintiff.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as we are "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, — U.S. —, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing

Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

Dumack argues that the Complaint must be dismissed because the NPDES Calculations are not copyrightable, and that, as a matter of law, it therefore cannot be liable for copyright infringement. Specifically, Dumack contends that the NPDES Calculations are not copyrightable as a matter of law because they are not original. Rather, Dumack maintains that those calculations are simply facts that Blue entered into a permit form prepared by the Commonwealth of Pennsylvania. In order to establish that Dumack has infringed its copyright in the NPDES Calculations, Blue must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (citation omitted). The Complaint alleges both that Blue owns a valid copyright in the NPDES Calculations and that those calculations contain a large amount of material that is wholly original to Blue. (Id. ¶¶ 13-14.)

"Copyright protects original works of authorship fixed in any tangible medium of expression from which they can be perceived and which are not 'any idea, procedure, process, system, method of operation, concept, principle, or discovery . . . .'" Syngy, Inc. v. ZS Assocs., Inc., Civ. A. No. 07-3536, 2015 WL 899408, at *23 (E.D. Pa. Mar. 3, 2015) (quoting 17 U.S.C. § 102). "The determination of whether a work is 'subject to copyright protection is a matter of law for the Court.'" Banzai, Inc. v. Broder Bros., Civ. A. No. 08-813, 2009 WL 1285518, at *2 (E.D. Pa. May 7, 2009) (quoting William A. Graham Co. v. Haughey, 430 F. Supp. 2d 458, 465

(E.D. Pa. 2006)).  "An original work is one that is both independently created (i.e., not copied) and creative." Syngy, 2015 WL 899408, at *23 (citing Feist, 499 U.S. at 345).  "'[T]he requisite level of creativity is extremely low; even a slight amount will suffice.  The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be.'" Id. (alteration in original) (quoting Feist, 499 U.S. at 345).

The Complaint alleges that Blue applied for, and received, copyright protection for technical drawings, designs and addendums, as well as engineering and surveying services for the Callan Tract, including the NPDES Calculations, within a year of the first publication of that work.  (Compl. ¶¶ 13-15, Ex. B.)  17 U.S.C. § 410 provides that "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright . . . ."  17 U.S.C. § 410(c).  However, "[t]he presumption flowing from § 410(c) is not an insurmountable one, and merely shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 668 (3d Cir. 1990) (citing Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189, 192 (2d Cir. 1985)).  "The burden on the defendant to rebut the presumption varies depending on the issue bearing on the validity of the copyright." Id.  Where the defendant argues that the "work lacks sufficient creativity to receive copyright protection, registration merely places the burden on the defendant to prove that the work is not copyrightable." Banzai, 2009 WL 1285518, at *2 (citing Masquerade Novelty, 912 F.2d at 669 & n.7; and Haughey, 430 F. Supp. 2d at 468).

Dumack has submitted a copy of the Application for the NPDES Permit for Stormwater Discharges for the Callan Tract that is mentioned in paragraph 12 of the Complaint.  (Def.'s Ex. B.)  This Application includes NPDES Worksheets that appear to contain Plaintiff's NPDES

Calculations. (See Def.'s Ex. B, NPDES Worksheets.) We may consider this document because Blue does not dispute its authenticity and because Blue's copyright claims depend, in part, on this document. Mayer, 605 F.3d at 230. Dumack contends that the calculations contained this document are not entitled to copyright protection because they are merely facts. In support of this contention, Dumack asserts that "any engineer working on the plot plan . . . would make the same factual calculations" and that each of Blue's calculations "is rigidly dictated by the factual determinations for the plot plan." (Def.'s Mem. at 5-6.) However, we see no support for Dumack's assertions in the case law it cites, or in the Complaint or the Application for the NPDES Permit for Stormwater Discharges for the Callan Tract. Without such support, we conclude that Dumack has failed to prove that Blue's NPDES calculations lack the slight amount of creativity necessary to make these calculations original works entitled to copyright protection. See Syngy, 2015 WL 899408, at *23 (citing Feist, 499 U.S. at 345). We further conclude, based on the limited record before us on this Motion to Dismiss, that Dumack has failed to rebut the "presumption flowing from [17 U.S.C.] § 410" that Blue has a valid copyright in the NPDES Calculations.[2] Masquerade Novelty, 912 F.2d at 668 (citing Hasbro, 780 F.2d at 192).

## IV.  CONCLUSION

For the reasons stated above, Dumack's Motion to Dismiss Blue's copyright claim asserted in Count I of the Complaint is denied.

BY THE COURT:

/s/ John R. Padova

———————————————

John R. Padova, J.

---

[2] We have concluded only that Dumack has not satisfied its burden of proving that Blue's copyright is invalid. We have not been asked to decide whether the copyright is valid as a matter of law and, based on the limited record before us at this stage of the litigation, we could not make that determination.